IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Baskir)

No. 05-982 T

SLUSCA, LLC, by and through
WILLIAM B. GUZY, A Partner
Other Than The Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

# ANSWER

The defendant, the United States, by and for its first defense to the plaintiff's complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

1. Denies that this civil action is brought under 26 U.S.C. § 6226(a). Avers that this civil action is brought under 26 U.S.C. § 6226(b). Avers that the remaining allegations set forth in paragraph 1 are plaintiff's

characterization of the claim, but denies that plaintiff is entitled to any relief.

2. Admits that SLUSCA, LLC, has an EIN of 06-1636773, as alleged in the first sentence of paragraph 2. With respect to the allegations of the second sentence of paragraph 2, admits only that SLUSCA filed a partnership return for federal income tax purposes and denies the implied allegation that SLUSCA was a valid partnership. Admits the allegations of the fourth sentence of paragraph 2. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. Admits the allegations of paragraph 3 that William B. Guzy is an individual, member and a notice partner of SLUSCA. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 3 regarding Guzy's TIN.

4. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, except to admit that the period of limitations for issuance of the FPAA with respect to SLUSCA has not expired.

5. Admits the allegations of paragraphs 5-6.

7. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Admits the allegations of paragraph 8.

9. Admits that the defendant is the United States of America. The remaining allegations of paragraph 9 are legal conclusions to which no response is required.

10. With respect to the first sentence of paragraph 10, admits only that one of SLUSCA'S notice partners seeks a review of the determinations made in the FPAA; denies that any tax was erroneously and illegally collected; and further denies that any adjustment to partnership items and penalty amounts reflected in the FPAA were erroneous. Admits the allegations of the second, third and fourth sentences of paragraph 10.

11. Denies plaintiff's characterization of the FPAA in that the FPAA speaks for itself. Admits that plaintiff disputes all adjustments and explanations in the FPAA, but denies that those adjustments and explanations are erroneous.

12. Denies the allegations in paragraph 12 as stated, and avers only that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1508.

13. Admits the allegations in the first two sentences of paragraph 13. With respect to the third sentence of paragraph 13, states that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegation that the deposit represents the amount by which Guzy's tax liability would be increased under the adjustments asserted in the FPAA.

14. Admits that the allegations set forth in paragraph 14 are the alleged assignments of error made by plaintiff with respect to the FPAA, but denies that the adjustments in the FPAA was in error and denies that the allegations correctly characterize in all respects the FPAA, which speaks for itself.

15. Defendant responds to the several allegations of paragraph 15 as follows:

a.-pp. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15a -15pp.

qq. The allegations of paragraph 15qq are legal conclusions

to which no response is required.

rr-ww. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15rr -15ww.

xx. Denies the allegations of paragraph xx.

yy-ccc. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15yy -15ccc.

ddd. Denies the allegations of paragraph 15ddd.

eee. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences of paragraph 15eee. Denies the allegations of the third sentence of paragraph 15eee.

fff-ggg. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15fff-ggg.

hhh-iii. States that the allegations of paragraphs 15hhh-iii are legal conclusions to which no response is required.

jjj-lll. States that defendant's answering attorneys currently lack

knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15jjj-lll.

mmm-qqq. Denies the allegations of paragraphs 15mmm-qqq.

16. States that the allegations of paragraph 16 are conclusions of law to which no response is required.

17. States that the allegations of paragraph 17 are conclusions of law to which no response is required.

18. Denies the allegation in paragraph 18 that the FPAA improperly adjusts “non-partnership items.” Defendant further:

a. States that the allegations of paragraph 18a are conclusions of law to which no response is required.

b. Admits plaintiff filed the complaint to contest the FPAA, denies the implied allegation that the FPAA was erroneous.

c. States that the allegations of paragraph 18c are conclusions of law to which no response is required.

d. States that the allegations of the first sentence of paragraph 18d are conclusions of law to which no response is required. Denies the characterization of the FPAA in the second sentence of paragraph 18d in that the FPAA speaks for itself. Further denies the implied allegation that

the Service improperly considered certain parts of the transactions which made up the illegal tax shelter engaged in by plaintiff.

e. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragaraph 18e that Guzy, Mellema, and DeYoung contributed both cash and options to SLUSCA in exchange for their partnership interests. Denies the implied allegation of paragraph 18e that the bases of Guzy, Mellema, and DeYoung in their partnership interests were properly calculated and reported.

f-j. States that the allegations of paragraphs 18(f-j) are conclusions of law to which no response is required.

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiff, determining that the adjustments to the partnership return of SLUSCA, LLC, made by the FPAA are correct; dismissing plaintiff's complaint; and granting such other and further relief as is just and proper.

Respectfully submitted,

s/ David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims