IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Baskir)

No. 05-982 T

SLUSCA, LLC, by and through
WILLIAM B. GUZY, A Partner
Other Than The Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO STAY PROCEEDINGS
PENDING DECISION IN JADE TRADING, LLC, *et al.* v. UNITED STATES

Plaintiff filed its complaint in this matter on September 12, 2005, seeking a redetermination of partnership items as set forth in the Notice of Final Partnership Administrative Adjustments (FPAA). The United States filed its answer on February 24, 2006, and the Joint Preliminary Status Report is due on April 10, 2006. Plaintiff has filed a Motion to Stay this matter pending the decision of Jade Trading, LLC, *et al.* v. United States,

No. 03-2164T, which is currently pending before Judge Mary Ellen Coster Williams and was tried during September of 2005. In support of its motion, plaintiff has asserted that Jade Trading and this case have certain common issues of law as well as certain factual similarities and judicial economy would be served by awaiting the decision in Jade Trading.

Defendant does not oppose the stay sought by plaintiff. Moreover, as is more fully set forth below, it is possible that the United States may seek a stay of this case in the future due to the potential that discovery in this case may interfere with a criminal investigation into transactions of the type at issue in this case.

Plaintiff is correct that Jade Trading and this case involve similar questions of law, in that the transactions at issue in Jade Trading and this case are both of the type called "Son of Boss." The acronym "BOSS" stands for "bond and option sales strategy," and the transaction is described in Notice 2000-44, 2000-2 CB 255 (listing these types of transactions as an abusive tax shelter). Thus, it is possible that a ruling in Jade Trading could have a bearing on this case, depending on the nature of that ruling. It is also possible that a ruling in Jade Trading would not be as influential in this case. At this time, it is impossible to predict with

certainty the basis of the Court's future decision in Jade Trading. For that reason, defendant does not want to exaggerate the potential of Jade Trading to affect the proceedings of this case.

Similarly, the plaintiff is correct as to the existence of some factual similarity between the two cases in that both involve using the option sales strategy. While it is possible that the decision in Jade Trading could streamline the discovery process in this case, the government cannot warrant that this would happen. If a decision handed down in Jade Trading does not, from the government's perspective, streamline the discovery needed in this case, then we may propose that this case requires an 18-month discovery period. Again, it is impossible to predict the factual findings which will form the basis of the Court's future decision in Jade Trading.

Despite the above reservations, the government does not object to plaintiff's Motion for Stay because it is possible, although not certain, that a decision in Jade Trading would enable the parties to narrow the discovery required for this case and provide some instruction as to the legal analysis of the case. Furthermore, the potential exists that the United States may seek a stay of proceedings in this matter in the future, and did not wish to

appear disingenuous by objecting to plaintiff's motion for stay only to have to itself move for a stay in the future, albeit on different grounds. At this time, the Office of the United States Attorney for the Southern District of New York has a pending criminal investigation with respect to these types of transactions. That office has asked that it be kept apprised of the proceedings in this action in order to ensure that this action does not adversely affect its pending criminal investigations. In the event that the course of those criminal investigations intersect with this case, it is possible that the United States will seek a stay to protect interests of law enforcement.

For the above reasons, the United States does not object to a stay of this case.

Respectfully submitted,

s/David R. House

David R. House
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3366
(202) 514-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section