# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SLUSCA, LLC, by and through WILLIAM B. GUZY, A Partner Other Than The Tax Matters Partner, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-982 T |
| UNITED STATES OF AMERICA, | ) | Judge Lawrence M. Baskir |
| Defendant. | ) | |

## JOINT STATUS REPORT

Pursuant to the Order of this Court entered March 24, 2006, the parties file this Joint Status Report with respect to the status of *Jade Trading, LLC, et al. v. United States*, Fed. Cl. No. 03-2164T, and the status of the criminal proceeding in the Southern District of New York. Plaintiff's counsel has reviewed the contents of this report and has authorized Defendant to file it as a joint report.

As of the filing of this report, *Jade Trading* is fully briefed and remains under submission to the court.

On October 23, 2007, opening statements were scheduled to begin in the criminal case in the Southern District of New York, *United States v.*

*Stein*, Docket No. S05-888. On October 18, 2007, the trial judge removed counsel to one of the defendants in that case and now has set a status conference for November 16, 2007 to establish a new trial date.

Plaintiff recommends the stay continue for reasons stated in its Motion to Stay dated March 16, 2006.

Defendant is not opposed to continuing the stay in this matter because it is possible, although not certain, that a decision in *Jade Trading* could enable the parties to narrow the discovery required for this case and provide some instruction as to the legal analysis of the case. Furthermore, the United States Attorneys Office for the Southern District of New York has continued its request that it be kept apprised of the proceedings in this action in order to ensure that this action does not adversely affect its pending criminal investigations. Thus, the potential remains that the government may seek a stay in the future if the criminal matter and this case intersect.

On a separate matter, on or about June 19, 2006, the Internal Revenue Service (the “Service”) retained $74,834.95 (the “Refund”), which represented a refund of tax due William Guzy for taxable year 2005, a taxable year not subject to this proceeding. The Service applied the Refund to interest due on the tax assessed Guzy for taxable year 2001, a

year that is subject to this proceeding. Separately, on or about October 23, 2007, payments were remitted to the Service for LaVerne and Bonita DeYoung's 2001 and 2002 tax liability attributable to the partnership adjustments contested in this case, which Plaintiff believes satisfied the jurisdictional requirement set forth in Code section 6226(e) (the "Payments"). Because of this action by the Service with respect to the Refund, and the remittance of the Payments to the Service, once the stay is lifted in this case, Plaintiff will file a Motion for Leave to File a Supplemental Complaint to add claims seeking recovery of the Refund and the Payments. These claims are procedural in nature given that the basis for such claims has been stated in the existing Complaint.

In the event Plaintiff files a Motion for Leave to File a Supplemental Complaint to add claims seeking recovery of the Refund and the Payments, Defendant expects to object on the basis that the Court lacks jurisdiction to order a refund to a partner in an action brought under TEFRA for the redetermination of adjustments made in a final notice of administrative adjustment to partnership items. At this time, Defendant's attorneys lack knowledge or information sufficient to form a belief in the truth of plaintiff's allegations that the Payments remitted for LaVerne and

Bonita DeYoung's 2001 and 2002 tax liability satisfied the jurisdictional requirement of 26 U.S.C., § 6226(e).

Respectfully submitted,

s/David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/David Gustafson