# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SLUSCA, LLC, by and through WILLIAM B. GUZY, A Partner Other Than The Tax Matters Partner, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-982 T |
| UNITED STATES OF AMERICA, | ) | Judge Lawrence M. Baskir |
| Defendant. | ) | |

## JOINT STATUS REPORT

Pursuant to the Order of this Court entered March 24, 2006, the parties file this Joint Status Report with respect to the status of *Jade Trading, LLC, et al. v. United States*, Fed. Cl. No. 03-2164T, and the status of the criminal proceeding in the Southern District of New York. Plaintiff's counsel has reviewed the contents of this report and has authorized Defendant to file it as a joint report.

On December 21, 2007, the Court of Federal Claims entered its decision in favor of the Government in *Jade Trading.* On December 26, 2007, judgment was entered. On January 4, 2008, the Tax Matters Partner of Jade Trading filed a motion for leave to participate and for leave to file a motion to reconsider the Court's decision as to one of the alternative

penalties in the case. On January 9, 2008, the Government filed an opposition to the Tax Matters Partner's motion for leave to participate on the basis that the motion was untimely. As of the date of this Joint Status Report, it is unknown whether the plaintiff in *Jade Trading* will appeal the decision to the Circuit Court of Appeals for the Federal Circuit.

On October 23, 2007, opening statements were scheduled to begin in the criminal case in the Southern District of New York, *United States v. Stein*, Docket No. S05-888. On October 18, 2007, the trial judge removed counsel to one of the defendants in that case and set a status conference for November 16, 2007, to establish a new trial date. By Order dated November 29, 2007, the *Stein* Court has scheduled that case for trial in September of 2008.

The parties have had a conference and are currently reviewing certain alternative courses of action. Based on that discussion, the parties propose to file another status report with the Court within 60 days to advise the Court of the parties' recommendations with respect to this case.

On a separate matter, on or about June 19, 2006, the Internal Revenue Service (the "Service") retained $74,834.95, and, on or about September 17, 2007, retained $65,010.56 (the "Refunds"), which represented refunds of tax due William Guzy for taxable year 2005 and

2006, respectively, taxable years not subject to this proceeding. The Service applied the Refunds to interest due on the tax assessed Guzy for taxable year 2001, a year that is subject to this proceeding. Separately, on or about October 23, 2007, payments were remitted to the Service for LaVerne and Bonita DeYoung's 2001 and 2002 tax liability attributable to the partnership adjustments contested in this case, which Plaintiff believes satisfied the jurisdictional requirement set forth in Code section 6226(e) (the "Payments"). Because of this action by the Service with respect to the Refunds, and the remittance of the Payments to the Service, once the stay is lifted in this case, Plaintiff will file a Motion for Leave to File a Supplemental Complaint to add claims seeking recovery of the Refunds and the Payments. These claims are procedural in nature given that the basis for such claims has been stated in the existing Complaint.

In the event Plaintiff files a Motion for Leave to File a Supplemental Complaint to add claims seeking recovery of the Refunds and the Payments, Defendant expects to object on the basis that the Court lacks jurisdiction to order a refund to a partner in an action brought under TEFRA for the redetermination of adjustments made in a final notice of administrative adjustment to partnership items. At this time, Defendant's attorneys lack knowledge or information sufficient to form a belief in the

truth of plaintiff's allegations that on or about September 17, 2007, the Service retained the amount of $65,010.56 and applied it to Mr. Guzy's 2006 taxable year. Defendant's attorneys also lack knowledge or information sufficient to form a belief in the truth of plaintiff's allegations that the Payments remitted for LaVerne and Bonita DeYoung's 2001 and 2002 tax liability satisfied the jurisdictional requirement of 26 U.S.C., § 6226(e).

Respectfully submitted,

s/David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/David Gustafson