# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SLUSCA, LLC, by and through WILLIAM B. GUZY, A Partner Other Than The Tax Matters Partner, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-982 T |
| UNITED STATES OF AMERICA, | ) | Judge Lawrence M. Baskir |
| Defendant. | ) | |

## JOINT STATUS REPORT

Pursuant to the Order of this Court entered March 24, 2006, the parties file this Joint Status Report with respect to the status of *Jade Trading, LLC, et al. v. United States*, Fed. Cl. No. 03-2164T, and the status of the proceeding in the Southern District of New York. Plaintiff's counsel has reviewed the contents of this report and has authorized Defendant to file it as a joint report.

On December 21, 2007, the Court of Federal Claims entered its decision in favor of the Government in *Jade Trading.* On December 26, 2007, judgment was entered. On January 4, 2008, the Tax Matters Partner of Jade Trading filed a motion for leave to participate and for leave to file a motion to reconsider the Court's decision as to one of the alternative

penalties in the case. On January 9, 2008, the Government filed an opposition to the Tax Matters Partner's motion for leave to participate on the basis that the motion was untimely. By Order dated January 30, 2008, the Court of Federal Claims allowed the Tax Matters Partner to participate in the proceeding for the limited purpose of pursuing a motion for reconsideration on one of the alternative penalties. The Court of Federal Claims denied that motion by Order dated March 20, 2008. On February 25, 2008, the plaintiff in *Jade Trading* filed a notice of appeal to the Circuit Court of Appeals for the Federal Circuit. The prior stay in the Federal Circuit pending resolution of the motion for reconsideration has been lifted and the appellant's brief is currently due to be filed on June 16, 2008, although the appellant has requested an extension to August 1, 2008, which is unopposed. The Federal Circuit has not yet acted on that motion.

With respect to *United States v. Stein*, Docket No. S05-888, the Court has scheduled trial of four defendants to begin in September 2008. The Government's appeal of the Court's dismissal of the *Stein* indictment as to 13 defendants was argued in the Court of Appeals for the Second Circuit on March 25, 2008. The Second Circuit has not yet issued an opinion.

The parties are currently reviewing certain alternative courses of action, including Plaintiff's suggestion that the parties attempt a possible

framework for settlement. To that end, Plaintiffs have forwarded information to Defendant, which is currently being reviewed by Defendant's trial attorney. The parties are also discussing the impact of the appeal in *Jade Trading*. Based on those discussions, the parties propose to file another status report with the Court within 90 days to advise the Court of the parties' recommendations with respect to this case.

On a separate matter, Plaintiff reports that on or about June 19, 2006, the Internal Revenue Service (the "Service") retained $74,834.95, and, on or about September 17, 2007, retained $65,010.56 (the "Refunds"), which represented refunds of tax due William Guzy for taxable year 2005 and 2006, respectively, taxable years not subject to this proceeding. The Service applied the Refunds to interest due on the tax assessed against Guzy for taxable year 2001, a year that is subject to this proceeding. Plaintiff also reports that, separately, on or about October 23, 2007, payments were remitted to the Service for LaVerne and Bonita DeYoung's 2001 and 2002 tax liability attributable to the partnership adjustments contested in this case, which Plaintiff believes satisfied the jurisdictional requirement set forth in Code section 6226(e) (the "Payments"). Because of this action by the Service with respect to the Refunds, and the remittance of the Payments to the Service, once the stay is lifted in this

case, Plaintiff will file a Motion for Leave to File a Supplemental Complaint to add claims seeking recovery of the Refunds and the Payments. These claims are procedural in nature given that the basis for such claims has been stated in the existing Complaint.

In the event Plaintiff files a Motion for Leave to File a Supplemental Complaint to add claims seeking recovery of the Refunds and the Payments, Defendant expects to object on the basis that the Court lacks jurisdiction to order a refund to a partner in an action brought under TEFRA for the redetermination of adjustments made in a final notice of administrative adjustment to partnership items. At this time, Defendant's attorneys lack knowledge or information sufficient to form a belief in the truth of Plaintiff's allegations that on or about September 17, 2007, the Service retained the amount of $65,010.56 and applied it to Mr. Guzy's 2006 taxable year. Defendant's attorneys also lack knowledge or information sufficient to form a belief in the truth of Plaintiff's allegations

that the Payments remitted for LaVerne and Bonita DeYoung's 2001 and 2002 tax liability satisfied the jurisdictional requirement of 26 U.S.C., § 6226(e).

Respectfully submitted,

s/David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366

JOHN DICICCO
Deputy Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/David Gustafson